Jerry LOHNER, Plaintiff—Appellant,

v.

**LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,** Defendant—Appellee.

No. 05–15350.

D.C. No. CV–04–04622–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Jerry Lohner, Santa Rosa, CA, pro se.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

Patricia A. Davis, Concepcion E. Lozano–Batista, Weinberg Roger & Rosenfeld, Oakland, CA, for Defendant–Appellee.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM**

Jerry Lohner appeals pro se from the district court's summary judgment in favor of defendant ("Trust Fund") in his action alleging violation of ERISA, 29 U.S.C. § 1132(a)(1)(B), for failing to give him a service pension. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment to the Trust Fund as it reasonably calculated that Lohner was one-half benefit unit short of qualifying for a service pension, and therefore the Trust Fund did not abuse its discretion in denying Lohner a service pension. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 874 (9th Cir.2004) (applying the abuse of discretion standard when the ERISA "plan unambiguously confers discretion on the administrator" and holding no abuse of discretion when there is a reasonable basis for the administrator's decision).

Lohner's contention that he is entitled to a service pension under the doctrine of reasonable expectations is foreclosed by *Shockley v. Alyeska Pipeline Servs. Co.,* 130 F.3d 403, 407 (9th Cir.1997) (reasonable expectations doctrine limited to insurance contracts and inapplicable to ERISA pension plans).

Lohner's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

